[ORAL ARGUMENT NOT SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| AMERICAN FOREIGN SERVICE ASSOCIATION, | : : : | |
| Plaintiff-Appellee | : | |
| v. | : | Case No. 25-5184 |
| DONALD J. TRUMP et al., | : : | |
| Defendants-Appellants. | : | |

**PLAINTIFF-APPELLEE'S MOTION TO STAY BRIEFING**

Plaintiff-Appellee American Foreign Service Association (AFSA) moves this Court for a stay of briefing in this case. This appeal of the district court's preliminary injunction ruling will imminently become moot when the district court rules on cross-motions for summary judgment, the briefing of which is scheduled to be completed by November 13, 2025. It would therefore promote judicial economy to stay further briefing. Counsel for the government has advised that they oppose this motion.

1. The government has appealed the district court's order granting NTEU's motion for a preliminary injunction. ____ F.Supp.3d

\_\_\_\_, 2025 WL 1387331 (May 14, 2025). This Court issued a stay of that preliminary injunction on June 10. 2025 WL 1742853.

2. AFSA's opposition brief is currently due October 9, 2025, and the government's reply is due October 30, 2025. Clerk's Order (D.C. Cir. July 31, 2025). This Court would be unlikely to schedule oral argument before December 15, 2025. D.C. Handbook of Practice and Internal Procedures, Section X.D (noting a minimum of 45 days typically falls between the conclusion of briefing and oral argument). The Court would thus be unlikely to issue a decision until sometime next year.

3. This appeal is likely to become moot before it is decided. AFSA filed a motion for summary judgment in the district court on August 4. No.1:25-cv-1030 (D.D.C.) (Dkt. 48). The district court issued a minute order setting a deadline of September 19 for the defendants to oppose plaintiff's motion and to file a motion to dismiss; a deadline of October 15 for the plaintiff to file an opposition and reply; and a deadline of November 13 for the defendants to file a reply. No. 1:25-cv-1030 (D.D.C.) (Dkt. 46). When the district court rules on those motions, its order granting AFSA's motion for a preliminary injunction will become moot. Any further briefing on (or Court consideration of) the

government's appeal of the preliminary injunction is therefore an unneeded use of time and resources.

4. Moreover, an appeal of the district court's ruling on the cross-motions for summary judgment will present a better vehicle for resolving the exceptionally important merits issues raised in this case. It will allow the Court to review definitive rulings based on a complete record. If the Court were to rule on the pending appeal of the preliminary injunction, it could conceivably rule just on the equities. And the Court would then have to rule again on the inevitable appeal of the summary judgment ruling. Furthermore, in finding that the plaintiff was likely to succeed on the merits, the district court only considered one of two of the plaintiff's claims, finding that the plaintiff was likely to succeed on its claim that Executive Order 14251 was ultra vires. The district court (as did the Panel of this Court that stayed the preliminary injunction) did not rule on AFSA's claim that the exclusion of the agencies whose employees AFSA represents from coverage of the Foreign Service Labor Management Relations Statute was in retaliation for AFSA's protected First Amendment activity in aggressively opposing the President's efforts in court and in the press to

3

eliminate USAID and the President's efforts to politicize the Foreign Service. Even if this Court's decision on whether the district court abused its discretion in issuing a preliminary injunction somehow disposed of AFSA's underlying ultra vires claim on its merits, an appeal from the district court's decision on AFSA's First Amendment claim would be expected. Better to have both issues decided at one time.

5. A stay of further briefing in the instant appeal would not prejudice the government because the ruling over which it seeks review, the district court's preliminary injunction, has been stayed. Should the Court grant the stay of briefing requested by AFSA, the government will effectively receive all the relief that it might otherwise obtain if it prevailed in the instant appeal.

6. The Government has indicated that it intends to seek to stay further briefing in the district court until such time as this Court rules on the government's appeal of the preliminary injunction. The only conceivable reason why the Government opposes this motion while seeking a stay of further proceedings in the district court is that it hopes to obtain an interlocutory opinion from this Court on the merits of the plaintiff's ultra vires claim before the district court has issued a

4

ruling on the merits of that claim. This Court should not allow the Government to abuse the judicial process in this manner.

For these reasons, AFSA respectfully requests that the Court stay further briefing in this matter pending the district court's ruling on the cross-motions for summary judgment.

Dated: September 11, 2025            Respectfully submitted,

                    By:  */s/ Richard J. Hirn*
                         Richard J. Hirn
                         5335 Wisconsin Ave., NW, Suite 440
                         Washington, D.C. 20015
                         (202) 274-1812
                         richard@hirnlaw.com

                         Keith R. Bolek
                         April H. Pullium
                         O'Donoghue & O'Donoghue LLP
                         5301 Wisconsin Avenue, Suite 800
                         Washington, D.C. 20015
                         (202) 362-0041
                         kbolek@odonoghuelaw.com
                         apullium@odonoghuelaw.com

                         Sharon L. Papp
                         General Counsel
                         Raeka Safai
                         Deputy General Counsel
                         American Foreign Svc. Association
                         2101 E Street, NW
                         Washington, DC 20037
                         (202) 338-4045

papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff*
*American Foreign Svc. Association*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing Plaintiff-Appellee's Motion to Stay Briefing complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Century, a proportionally spaced font, and that it complies with the typeface and type-volume limitations of Fed. R. App P. 27(d)(2)(A) because it contains 772 words, excluding those words that Fed. R. App. P. 32(f) exempts.

DATED: September 11, 2025         */s/ Richard J. Hirn*
                                  Richard J. Hirn

# RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to the Fed. R. App. P. 26.1 and Cir. Rule 26.1, the American Foreign Service Association ("AFSA") makes the following disclosures:

1. AFSA is labor organization and professional association representing members of the Foreign Service at several agencies pursuant to Subchapter X of the Foreign Service Act. AFSA is not a subsidiary or affiliate of a publicly traded corporation.

2. As a labor organization or trade association, AFSA is not required to list identities or persons that have represented the party's general nature.

DATED: September 11, 2025          */s/ Richard J. Hirn*
                                   Richard J. Hirn

8