# United States Court of Appeals
## For The District of Columbia Circuit

_____

**No. 25-5157**                         **September Term, 2025**

1:25-cv-00935-PLF

**Filed On:** December 16, 2025

National Treasury Employees Union,

      Appellee

    v.

Donald J. Trump, President of the United States, et al.,

      Appellants

_____

**No. 25-5184**

1:25-cv-01030-PLF

American Foreign Service Association,

      Appellee

    v.

Donald J. Trump, in his official capacity as President of the United States, et al.,

      Appellants

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5157**                                       **September Term, 2025**

_____

**No. 25-5303**

1:25-cv-01362-PLF

Federal Education Association, et al.,

    Appellees

    v.

Donald J. Trump, in his official capacity as
President of the United States, et al.,

    Appellants

**O R D E R**

It is **ORDERED**, on the court's own motion, that the parties file supplemental briefs addressing whether and how *American Federation of Government Employees, AFL-CIO v. Loy*, 367 F.3d 932 (D.C. Cir. 2004), 5 U.S.C. § 7111, and 22 U.S.C. § 4111 affect the district court's jurisdiction over the plaintiffs' claims. In their briefs, the parties may choose to address, among other questions:

1. Whether the plaintiffs can present any of their claims in these cases to the FLRA and FSLRB by filing petitions "seeking clarification of ... a matter relating to representation" under 5 U.S.C. § 7111(b)(2) or 22 U.S.C. § 4111(b)(2), and whether the FLRA and FSLRB have authority to resolve those claims.

2. Whether petitions for clarification are limited to issues of "appropriate unit determination" and, if not, what other issues may be adjudicated by way of such petitions. *See Eisinger v. Fed. Lab. Rels. Auth.*, 218 F.3d 1097, 1102 (9th Cir. 2000).

3. Whether resolutions of petitions for clarification filed with the FLRA and FSLRB are necessarily subject to further administrative or judicial review.

4. Whether *Loy* properly states the test for determining the preclusive effect

Page 2

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5157**                                      September Term, 2025

of an administrative review scheme.  *Compare Loy*, 367 F.3d. at 395-96 ("What matters is whether the union's claim ... was 'arguably' within the FLRA's authority to decide."), with *Axon Enter., Inc., v. FTC*, 598 U.S. 175, 188-89 (2023) ("Recall our task: to decide if a claim is 'of the type' Congress thought belonged within a statutory scheme.").

      Each of the three appellees may file a brief limited to 2,500 words, due by 4:00 p.m. on January 5, 2026. Appellant may file a single brief limited to 3,500 words, due by 4:00 p.m. on January 14, 2026.  In addition to filing electronically, the parties are directed to hand-deliver the paper copies of their submissions to the court by the time and date due.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:  /s/
Michael C. McGrail
Deputy Clerk