**[ORAL ARGUMENT HELD DECEMBER 15, 2025]**

**No. 25-5184**

# In the United States Court of Appeals
# For the District of Columbia Circuit

―――――――――

AMERICAN FOREIGN SERVICE ASSOCIATION,

Plaintiff-Appellee

*v.*

DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, ET AL.,

Defendants-Appellants

―――――――――

On Appeal from the Entry of Preliminary Injunctive Relief by the
United States District Court for the District of Columbia

―――――――――

**SUPPLEMENTAL BRIEF FOR APPELLEE**

―――――――――

RICHARD J. HIRN
  *Counsel of Record*
5335 Wisconsin Ave., NW
Suite 440
Washington, D.C. 20015
(202) 274-1812

SHARON L. PAPP
RAEKA SAFAI
American Foreign Service Association
2101 E Street, NW
Washington, D.C. 20037

KEITH R. BOLEK
APRIL H. PULLIUM
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW
Suite 800
Washington, D.C. 20015
(202) 362-0041

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

The undersigned certifies the following pursuant to D.C. Cir. Rule 28(a)(1):

## A.    Parties and Amici

The Plaintiff-Appellee is the American Foreign Service Association ("AFSA"). The Defendant-Appellants are Donald J. Trump; Office of Personnel Management ("OPM"); U.S. Department of State, U.S. Agency for International Development ("USAID"); Marco Rubio, in his official capacity as Secretary of State and Acting Administrator of USAID; and Scott Kupor, in his official capacity as Director of OPM.

The following individuals have appeared as *amici curiae* in this Court: Kathleen A. Merrigan, Kevin Shea, Anita Adkins, Roberta Jeanquart, William P. Milton, Jennifer Granholm, Kevin Knobloch, Sean A. Lev, David Turk, Sam Walsh, Xavier Becerra, Kathleen Sebelius, Donna Shalala, Samuel Bagenstos, William B. Schultz, Bruce Babbitt, Deb Haaland, Robert T. Anderson, John D. Leshy, Janet L. Yellen, Rochelle Granat, Ben Harris, Mark Patterson, Sarah Bloom Raskin, Daniel Werfel, Kayla M. Williams, Carol M. Browner, Gina

McCarthy, William K. Reilly, Avi Garbow, Gary S. Guzy, Nicholas

Johnson, Christopher Wright, Samantha Powers, Nick M. Gottlieb.

No other parties, intervenors, or *amici curae* appeared before the

district court or have entered appearances in this Court.

### B.   Rulings Under Review

Defendant-Appellants seek review of the May 14, 2025 order and

opinion of the district court (Honorable Friedman, J., presiding)

granting a preliminary injunction to AFSA. The district court's opinion

is available at 783 F.Supp.3d 248.

### C.   Related Cases

This case has not previously been before this Court. The following

cases involve overlapping sets of defendants and raise similar issues to

this case:

- *Nat'l Treas. Emps. Union v. Trump*, No. 25-cv-00935-PLF, pending appeal, No. 25-5157 (D.C. Cir.);

- *Am. Fed'n of Gov't Emps. v. Trump*, No. 3:25-cv-03070 (N.D. Cal.), pending appeal, No. 25-4014 (9th Cir.);

- *Fed. Educ. Ass'n v. Trump*, No. 25-cv-01362-PLF (D.D.C.), pending appeal, No. 25-5303;

- *Am. Fed'n of Lab.-Cong. of Indus. Orgs. v. Trump*, No. 25-cv-02445-PLF (D.D.C.), pending appeal, No. 25-5436 (D.C. Cir.);

- *Nat'l Ass'n of Agric. Emps. v. Trump*, No. 25-cv-02657-PLF (D.D.C.);

- *Nat'l Weather Serv. Emps. Org. v. Trump*, No. 25-cv-02947-PLF (D.D.C.);

- *Nat'l Treasury Emps. Union v. Trump*, No. 25-cv-02990-PLF (D.D.C.); and

- *Am. Fed'n of State, County & Muni. Empls. v. Trump.*, No. 25-cv-03306 (D.D.C.)


DATED:     January 5, 2026          */s/Richard J. Hirn*
                                    Richard J. Hirn

# CORPORATE DISCLOSURE STATEMENT

Pursuant to the Fed. R. App. P. 26.1 and D.C. Cir. Rule 26.1, the American Foreign Service Association ("AFSA") makes the following disclosures:

1.    AFSA is not a subsidiary or affiliate of a publicly traded corporation.

2.    As a trade association, AFSA is not required to list identities or persons that have represented the party's general nature.


DATED: January 5, 2026          */s/Richard J. Hirn*
                                Richard J. Hirn

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................vi

GLOSSARY.......................................................................viii

STATUTES AND REGULATIONS ........................................1

SUMMARY OF ARGUMENT .............................................1

ARGUMENT ........................................................................2

    1.   AFSA cannot file a petition seeking clarification of a matter relating to representation……………………………………………………..5

    2.   Petitions for clarification are limited to issues of appropriate unit determination under FSLRB regulations. ............................................4

    3.   *Loy* does not properly state the test for determining the preclusive effect of the administrative review scheme and is otherwise inapplicable............................................................................5

CONCLUSION ...................................................................12

# TABLE OF AUTHORITIES

## Cases

*Am. Fed'n of Gov't Emps. v. FLRA,*
  794 F.2d 1013 (5th Cir. 1986). ................................................................. 8

*Am. Fed'n of Gov't Emps., AFL-CIO v. Noem,*
  No. C25-451 MJP, 2025 WL 2337222 (W.D. Wash. Aug. 13, 2025) .... 10

*Am. Fed'n of Gov't Emps. v. Nicholson,*
  475 F.3d 341 (D.C. Cir. 2007),................................................................ 8

*Am. Fed'n of Gov't Emps. v. Loy,*
  367 F.3d 932 (D.C. Cir. 2004)................................................................1,5

*Am. Foreign Service Ass'n v. Baker,*
  895 F.2d 1460 (D.C. Cir. 1990), .................................................... 10, 11

*Axon Enter., Inc. v. Fed. Trade Comm'n,*
  598 U.S. 175 (2023) ........................................................................5, 11

*Bennett v. U.S. Sec. & Exch. Comm'n,*
  844 F.3d 174 (4th Cir. 2016) ................................................................ 5

*Bldg. & Const. Trades Dep't, AFL-CIO v. Allbaugh,*
  295 F.3d 28, 32 (D.C. Cir. 2002) .......................................................... 6

*Dep't of Air Force v. FLRA,*
  952 F.2d 446 (D.C. Cir. 1991)................................................................ 8

*Eisinger v. FLRA,*
  218 F.3d 1097 (9th Cir. 2000) ............................................................... 4

*Fleming v. U.S. Dep't of Agric.,*
  987 F.3d 1093 (D.C. Cir. 2021) ............................................................ 7

*N. Am.'s Bldg. Trades Unions v. Dep't of Def.,*
  783 F. Supp. 3d 290 (D.D.C. 2025); ...................................................... 6

*Thunder Basin Coal Co. v. Reich,*
  510 U.S. 200 (1994) .............................................................................. 5

## Statutes

22 U.S.C. § 4102.............................................................................4

22 U.S.C. § 4111.............................................................................3

22 U.S.C. § 4112.............................................................................4

## Other Authorities

*Dep't of the Army, Corpus Christi Army Depot,*
    56 F.L.R.A. 1057, 1065 (2001)...............................................7

Executive Order No. 14,215,
    90 Fed. Reg. 10,447 (Feb. 18, 2025).....................................6

*Export-Import Bank of the United States,*
    71 F.L.R.A. 957, 959 (2020)...................................................3

*Patent Off. Prof. Assn.,*
    59 F.L.R.A. 331, 345 (2003)...................................................7

## Regulations

22 C.F.R. § 1422.1(c).......................................................................3

22 C.F.R. § 1422.1(d).......................................................................4

22 C.F.R. Part 1422........................................................................2

5 C.F.R. Part 2422..........................................................................2

# GLOSSARY

AFSA...................................................American Foreign Service Association

FLRA......................................................Federal Labor Relations Authority

FSLRB................................................Foreign Service Labor Relations Board

USAID.......................................U.S. Agency for International Development

## STATUTES AND REGULATIONS

Pertinent statutes and regulations are set forth in the addendum to this brief.

## SUMMARY OF ARGUMENT

This supplemental brief responds to the Court's order of December 16, 2025 to address whether and how *Amer. Fed'n of Gov't Emps. v. Loy*, 367 F.3d 932, 936 (D.C. Cir. 2004) and 22 U.S.C. § 4111 affect the District Court's jurisdiction over the claims of Appellee American Foreign Service Association ("AFSA"). As discussed below, *Loy* is inapplicable to this case because AFSA cannot file a representation petition with the Foreign Service Labor Relations Board ("FSLRB" or "Board") that could serve as a vehicle to obtain judicial review of AFSA's claims. And because the availability (or unavailability) of judicial review is the most important factor in the *Thunder Basin* analysis, district court jurisdiction is not precluded by the statutory scheme.

1

# ARGUMENT

## 1. AFSA cannot file a petition seeking clarification of a matter relating to representation.

A petition "seeking clarification of . . . a matter relating to representation" in 22 U.S.C. § 4111(b)(2) is a term of art with limited application and does not cover a dispute over the validity of Executive Order 14,251. As used in the Foreign Service Act, it refers only to a petition that may be filed by the State Department or USAID questioning whether a union continues to retain the support of the employees it was previously certified to represent.

The FSLRB's regulations governing representation proceedings appear at 22 C.F.R. Part 1422 and differ somewhat from the regulations of the Federal Labor Relations Authority, which are published at 5 C.F.R. Part 2422. Section 1422.1 of the FSLRB's representation regulations, *Who May File Petitions*, permits only the "Department" (be it State or USAID) to file a petition seeking to clarify a matter relating to representation, and then only when it believes the union no longer has the support of a majority of the employees it was originally certified to represent:

2

> A petition seeking to clarify a matter relating to representation may be filed by the Department where the Department has a good faith doubt, based on objective considerations, that the currently recognized or certified labor organization represents a majority of the employees in the unit described in 22 U.S.C. 4112.

22 C.F.R. § 1422.1(c). No other entity, including AFSA, may file a petition "seeking to clarify a matter relating to representation" nor may it be filed for any other reason under the FSLRB regulations. 22 C.F.R. § 1422.1.

The text of 22 U.S.C. § 4111(b) demonstrates that any "representation petition" is only intended to resolve narrow issues concerning employee support for a new or incumbent union and the size and scope of the constituency or "appropriate bargaining unit" in which an election is conducted. If, after an investigation and hearing, "the Board finds . . . that a question of representation exists, the Board shall supervise or conduct an election on the question by secret ballot." As in the companion language in the Federal Service Labor Management Relations Statute, "that section specifically *requires* an election when a clarification petition involves a question of representation." *Export-*

*Import Bank of the United States*, 71 F.L.R.A. 957, 959 (2020) (emphasis in original).

## 2. Petitions for clarification are limited to issues of appropriate unit determination under FSLRB regulations.

A "petition to clarify the unit," such as that filed by the plaintiff in *Eisinger v. FLRA,* 218 F.3d 1097 (9th Cir. 2000) (as opposed to petition "seeking clarification of . . . a matter relating to representation"), may be filed under the FSLRB's regulations. 22 C.F.R. § 1422.1(d). However, it is limited to "clarification of the unit described in 22 U.S.C. 4112." *Id.* Section 4112 specifies that "[t]he employees of the Department shall constitute a single and separate worldwide bargaining unit," so, unlike other statutory labor regimes, there is no occasion for a clarification petition to resolve the bargaining unit's metes and bounds. The only statutory exclusions in § 4112 are:

> (1) employees engaged in personnel work in other than a purely clerical capacity; and

> (2) employees engaged in criminal or national security investigations or who audit the work of individuals to insure that their functions are discharged honestly and with integrity.

Management officials, confidential employees and consular agents are also excluded under the definition of "employee" in § 4102. Thus, a unit

4

clarification petition under the Foreign Service Act would be limited to resolving a dispute over whether particular employees perform such duties. Such a dispute is not the issue in this case, where AFSA is challenging an executive order that seeks to exclude entire agencies from the scope of the Foreign Service Act.

3.  *Loy* does not properly state the test for determining the preclusive effect of the administrative review scheme and is otherwise inapplicable.

The two-step, three-factor test in *Thunder Basin Coal Co. v. Reich*, (1994), as examined in *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023), is the more appropriate test for determining the preclusive effect of an administrative review scheme than the truncated "arguably within the FLRA's authority to decide" test in *Loy*. 367 F.3d at 936. The *Loy* test appears to omit consideration of whether there is ultimately an opportunity for judicial review of the union's statutory claims. But the availability of "meaningful judicial review is the most important factor in the *Thunder Basin* analysis." *Bennett v. U.S. Sec. & Exch. Comm'n*, 844 F.3d 174, 183 n.7 (4th Cir. 2016).

However, whether Executive Order 14,251 is *ultra vires* is not even arguably within the FSLRB's authority to decide even if the Board's regulations permitted AFSA to file a "petition seeking clarification of . . . a matter relating to representation." "Agencies are bound to follow binding executive orders unless rescinded or overridden through lawful procedures." *N. Am.'s Bldg. Trades Unions v. Dep't of Def.,* 783 F. Supp. 3d 290, 310 (D.D.C. 2025); *see also Bldg. & Const. Trades Dep't, AFL-CIO v. Allbaugh*, 295 F.3d 28, 32 (D.C. Cir. 2002). And according to Section 7 of Exec. Order No. 14,215, *Ensuring Accountability for All Agencies*, 90 Fed. Reg. 10,447 (Feb. 18, 2025), independent agencies are now precluded from advancing an interpretation of the law that is contrary to that of the President or the Attorney General. Indeed, it would turn the Constitution on its head to suggest that subordinate officers of the President can sit in judgment on whether the Chief Executive has acted in an *ultra vires* manner or that Congress can, through the design of a statutory administrative review procedure, vest such power in a subordinate of the Chief Executive. "The powers vested in the President and the unitary structure of the Executive Branch mean that the President must control execution of

6

the laws. In order to 'take care that the Laws be faithfully executed,' U.S. Const. art. II, § 3, the President must be able to direct his subordinates in how the laws will be executed." *Fleming v. U.S. Dep't of Agric.,* 987 F.3d 1093, 1113 (D.C. Cir. 2021) (Rao, J. concurring in part and dissenting in part).

Moreover, "[t]he Authority has consistently held that it does not have the power to assess the validity of another agency's exercise of its statutory authority. . . As the Authority has made clear, such disputes should be resolved in another forum, in particular, a Federal district court." *Patent Off. Prof. Assn.*, 59 F.L.R.A. 331, 345 (2003) (declining to pass on the procedural regularity by which the Office of Government Ethics stated its interpretation of its regulations). "Section 7105 of the Statute enumerates the powers and duties of the Authority, none of which relate to passing judgment on rules or regulations that . . . any other Federal agency has enacted. Consequently, the Authority . . . will not resolve whether regulations are unconstitutional or contrary to law." *Dep't of the Army, Corpus Christi Army Depot,* 56 F.L.R.A. 1057, 1065 (2001). "Section 7104 of the Civil Service Reform Act, the section which sets out the powers and duties of the FLRA, enumerates more

than several duties of the FLRA, none of which relates to passing judgment on rules or regulations enacted by any other federal agency. . . there are other means available." *Am. Fed'n of Gov't Emps. v. FLRA,* 794 F.2d 1013, 1015–16 (5th Cir. 1986). *See also, Dep't of Air Force v. FLRA*, 952 F.2d 446, 452 (D.C. Cir. 1991) (finding that FLRA has no authority to adjudicate validity of OPM overtime regulation and that such a claim must be brought in another forum). Thus, this case is like *Amer. Fed'n Gov't Emps. v. Nicholson*, 475 F.3d 341, 348 (D.C. Cir. 2007), because "the legality of the disputed [  ] Decision is expressly outside the FLRA's purview."

Even if the FSLRB had the authority and capacity to adjudicate the regularity or irregularity of the President's actions and the legality of the Executive Order, there is still no procedural vehicle by which AFSA can present this claim to the Board that guarantees judicial review. As discussed above, under the FSLRB's regulations AFSA may not file a petition "seeking clarification of . . . a matter relating to representation" to have its "ticket punched" by the FSLRB on the way to judicial review. For that reason, *Loy* is inapplicable to this case. In *Loy*, the union that sought to represent airport screeners had been

8

excluded from collective bargaining by a directive of the Undersecretary of Transportation issued pursuant to the Aviation and Transportation Security Act. The union did not, at the time, already represent the airport screeners, so it could file an initial representation petition seeking an election among the employees under 5 U.S.C. § 7111(b)(1)(a).

AFSA is already certified to represent employees at the State Department and USAID following a representation election conducted decades ago by the FSLRB, so there is no representation petition to file. Based on what it called a "fundamental distinction[ ]," the U.S. District Court for the Western District of Washington recently held that it had jurisdiction over a challenge to a declaration recently issued by Secretary of Homeland Security Noem that ended an ongoing collective bargaining relationship and collective bargaining agreement with the airport screeners' union:

> In response to the Loy Determination, AFGE filed petitions with the FLRA to hold union elections, and filed suit in district court, lodging constitutional and APA challenges to the Loy Determination. The District Court found that the claims brought before it could have been included in the FLRA action, though it considered them on their merits. On appeal, the D.C. Circuit affirmed dismissal of the action, noting that the constitutional and statutory claims should have been presented to the FLRA. While the Loy

9

> Determination concerned elections and negotiability that the
> parties agreed were subject to the FLRA's jurisdiction, the
> Noem Determination focuses on an agency action to rescind
> a fully-bargained-for CBA that was already in effect and had
> nothing to do with elections, negotiability, or unfair labor
> practices. Nothing in *Loy* suggests that the Noem
> Determination falls within the FLRA's core competencies.

*Am. Fed'n of Gov't Emps., AFL-CIO v. Noem*, No. C25-451 MJP, 2025
WL 2337222, at *6 (W.D. Wash. Aug. 13, 2025)(internal citations
omitted).

Similarly, *American Foreign Service Association v. Baker,* 895
F.2d 1460 (D.C. Cir. 1990), on which *Loy* relies, is also inapplicable
because in that case there was an ongoing procedural vehicle – an
unfair labor practice case being concurrently litigated by the General
Counsel of the FLRA – in which AFSA could raise its claim that the
State Department illegally ceased subsidizing the health care plan of
employees without bargaining. And there are other reasons why *AFSA
v. Baker* is distinguishable. *First*, the sole dispute in *AFSA v. Baker*
was with the actions of the Secretary of the State, not the President.
*Second*, as the Court noted, AFSA alleged only a breach of the duty to
bargain, which the FSLRB was capable of addressing, and not a
constitutional or *ultra vires* claim, which it was not. 895 F.2d at 1462-

63. *Third,* the decision in *AFSA v. Baker* predates that in *Thunder Basin*. To the extent that this Court opined that Congress's failure to provide a mechanism for judicial review in a particular statute precludes district court jurisdiction, (895 F.2d at 1462), *Thunder Basin* and its progeny hold the opposite. The lack of "meaningful judicial review" in a statutory scheme indicates that district courts do in fact have jurisdiction, rather than they don't. "The first *Thunder Basin* factor recognizes that Congress rarely allows claims about agency action to escape effective judicial review." *Axon Enterprise, Inc. v. Fed'l Trade Comm'n,* 598 U.S. 175, 186 (2023). In *AFSA v. Baker*, this Court noted that had the FLRA General Counsel declined to issue a complaint, his decision would be unreviewable. 895 F.2d at 1461. For that reason, the opportunity to file an unfair labor practice charge is highly unlikely to open an avenue to judicial review because such a charge will invariably be dismissed by the FLRA's General Counsel who undoubtedly will follow FLRA precedent declining jurisdiction in the face of similar earlier Executive Orders.

In sum, "[a]bsent district court jurisdiction," AFSA, like the accounting firm in *Free Enterprise Fund*, "might never have [ ] judicial

11

recourse." *Axon*, 598 U.S. at 190. Therefore, the statutory scheme contained in Subchapter X of the Foreign Service Act does not preclude district court jurisdiction.

## CONCLUSION

For the foregoing reasons as well as the reasons set forth in its earlier brief and at oral argument, AFSA respectfully requests that the Court affirm the district court's entry of a preliminary injunction, vacate this Court's prior order staying the preliminary injunction pending appeal, and remand the case for further proceedings on the merits.

Respectfully submitted,

By: */s/ Richard J. Hirn*
Richard J. Hirn
D.C. Bar No. 291849
5335 Wisconsin Ave., NW, Suite 440
Washington, D.C. 20015
(202) 274-1812
richard@hirnlaw.com

*/s/ April H. Pullium*
Keith R. Bolek
Bar No. 463129
April H. Pullium
Bar No. 198026
O'Donoghue & O'Donoghue LLP

12

5301 Wisconsin Avenue, Suite 800
Washington, D.C. 20015
(202) 362-0041
kbolek@odonoghuelaw.com
apullium@odonoghuelaw.com

*/s/ Sharon L. Papp*
Sharon L. Papp
General Counsel
D.C. Bar No. 107992
Raeka Safai
Deputy General Counsel
D.C. Bar No. 977301
American Foreign Service Association
2101 E Street, NW
Washington, DC 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for American Foreign*
*Service Association*

13

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing Brief of Appellee satisfies the requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in 14-point Century, a proportionally spaced font, and that it complies with the typeface and type-volume limitations of the Court's Order of December 16, 2025, because it contains 2,281 words, excluding those words that Fed. R. App. P. 32(f) and D.C. Cir. R. 32(e)(1) exempt.

DATED: January 5, 2026        */s/ Richard J. Hirn*
                             Richard J. Hirn

# APPENDIX A –

# STATUTORY ADDENDUM

## STATUTORY ADDENDUM – TABLE OF CONTENTS

22 C.F.R. Part 1422 .............................................................. A 001

22 U.S.C. § 4102……………………………………………………A 013

22 U.S.C. § 4111……………………………………………………A 017

22 U.S.C. § 4112……………………………………………………A 019

### § 1421.17  Grievance Board.

*Grievance Board* means the Foreign Service Grievance Board established under 22 U.S.C. 4135.

### § 1421.18  Regular and substantially equivalent employment.

*Regular and substantially equivalent employment* means employment that entails substantially the same amount of work, rate of pay, hours, working conditions, location of work, and seniority rights if any, of an employee prior to the cessation of employment in a Department because of any unfair labor practice under 22 U.S.C. 4115.

## PART 1422—REPRESENTATION PROCEEDINGS

Sec.
1422.1   Who may file petitions.
1422.2   Contents of petition; filing and service of petition; challenges to petition.
1422.3   Timeliness of petition.
1422.4   Investigation of petition and posting of notice of petition; action by Regional Director.
1422.5   Intervention.
1422.6   Withdrawal, dismissal or deferral of petitions; consolidation of cases; denial of intervention; review of action by Regional Director.
1422.7   Agreement for consent election.
1422.8   Notice of hearing; contents; attachments; procedures.
1422.9   Conduct of hearing.
1422.10  Motions.
1422.11  Rights of the parties.
1422.12  Duties and powers of the Hearing Officer.
1422.13  Objections to conduct of hearing.
1422.14  Filing of briefs.
1422.15  Transfer of case to the Board; contents of record.
1422.16  Decision.
1422.17  Election procedure; request for authorized representation election observers.
1422.18  Challenged ballots.
1422.19  Tally of ballots.
1422.20  Certification; objections to election; determination on objections and challenged ballots.
1422.21  Preferential voting.
1422.22  Inconclusive elections.

AUTHORITY: 22 U.S.C. 4107.

SOURCE: 46 FR 45862, Sept. 15, 1981, unless otherwise noted.

### § 1422.1  Who may file petitions.

(a) A petition for exclusive recognition may be filed by a labor organization requesting an election to determine whether it should be recognized as the exclusive representative of employees of the Department in the unit described in 22 U.S.C. 4112 or should replace another labor organization as the exclusive representative of employees in such unit.

(b) A petition for any election to determine if a labor organization should cease to be the exclusive representative because it does not represent a majority of employees in the unit described in 22 U.S.C. 4112 may be filed by an employee or employees or an individual acting on behalf of any employee(s).

(c) A petition seeking to clarify a matter relating to representation may be filed by the Department where the Department has a good faith doubt, based on objective considerations, that the currently recognized or certified labor organization represents a majority of the employees in the unit described in 22 U.S.C. 4112.

(d) A petition for clarification of the unit described in 22 U.S.C. 4112 or for amendment of recognition or certification may be filed by the Department or by a labor organization which is currently recognized by the Department as the exclusive representative.

(e) A petition for determination of eligibility for dues allotment may be filed by a labor organization in accordance with 22 U.S.C. 4118(c).

### § 1422.2  Contents of petition; filing and service of petition; challenges to petition.

(a) *Petition for exclusive recognition.* A petition by a labor organization for exclusive recognition shall be submitted on a form prescribed by the Board and shall contain the following:

(1) The name of the Department, its address, telephone number, and the persons to contact and their titles, if known;

(2) A description of the unit described in 22 U.S.C. 4112. Such description shall indicate the classifications of employees sought to be included and those sought to be excluded and the approximate number of employees in the unit;

407

(3) Name, address, and telephone number of the recognized or certified representative, if any, and the date of such recognition or certification and the expiration date of any applicable agreement, if known to the petitioner;

(4) Names, addresses, and telephone numbers of any other interested labor organizations, if known to the petitioner;

(5) Name and affiliation, if any, of the petitioner and its address and telephone number;

(6) A statement that the petitioner has submitted to the Department and to the Assistant Secretary a roster of its officers and representatives, a copy of its constitution and bylaws, and a statement of its objectives;

(7) A declaration by such person signing the petition, under the penalties of the Criminal Code (18 U.S.C. 1001), that its contents are true and correct to the best of such person's knowledge and belief;

(8) The signature of the petitioner's representative, including such person's title and telephone number; and

(9) The petition shall be accompanied by a showing of interest of not less than thirty percent (30%) of the employees in the unit described in 22 U.S.C. 4112 and an alphabetical list of names constituting such showing.

(b) *Department petition seeking clarification of a matter relating to representation; employee petition for an election to determine whether a labor organization should cease to be an exclusive representative.* (1) A petition by the Department shall be submitted on a form prescribed by the Board and shall contain the information set forth in paragraph (a) of this section, except paragraphs (a) (6), and (9), and a statement that the Department has a good faith doubt, based on objective considerations, that the currently recognized or certified labor organization represents a majority of the employees in the unit described in 22 U.S.C. 4112. Attached to the petition shall be a detailed explanation of the reasons supporting the good faith doubt.

(2) A petition by any employee or employees or an individual acting on behalf of any employee(s) shall contain the information set forth in paragraph (a) of this section, except paragraphs (a) (6) and (9), and it shall be accompanied by a showing of interest of not less than thirty percent (30%) of the employees in the unit indicating that the employees no longer desire to be represented for the purposes of exclusive recognition by the currently recognized or certified labor organization and an alphabetical list of names constituting such showing.

(c) *Petition for clarification of unit or for amendment of recognition or certification.* A petition for clarification of unit or for amendment of recognition or certification shall be submitted on a form prescribed by the Board and shall contain the information required by paragraph (a) of this section, except paragraphs (a) (2), (6) and (9), and shall set forth:

(1) A description of the unit and the date of recognition or certification;

(2) The proposed clarification or amendment of the recognition or certification; and

(3) A statement of reasons why the proposed clarification or amendment is requested.

(d) *Petition for determination of eligibility for dues allotment.* A petition for determination of eligibility for dues allotment in the unit may be filed if there is no exclusive representative. The petition shall be submitted on a form prescribed by the Board and shall contain the information required in paragraphs (a) (1), (4), (5), (6), (7), and (8) of this section, and shall set forth:

(1) A description of the unit described in 22 U.S.C. 4112. Such description shall indicate the classifications of employees sought to be included and those sought to be excluded and the approximate number of employees in the unit; and

(2) The petition shall be accompanied by a showing of membership in the petitioner of not less than ten percent (10%) of the employees in the unit and an alphabetical list of names constituting such showing.

(e) *Filing and service of petition and copies.* (1) A petition for exclusive recognition, for an election to determine if a labor organization should cease to be the exclusive representative, for clarification of unit, for amendment of

408

**Foreign Service Labor Relations Board, etc.**                    **§ 1422.3**

recognition or certification, or for determination of eligibility for dues allotment, filed pursuant to paragraphs (a), (b), (c), or (d) of this section respectively, shall be filed with the Regional Director for the region in which the unit exists, or, if the claimed unit exists in two or more regions, the petition shall be filed with the Regional Director for the region in which the affected employees are located.

(2) An original and four (4) copies of a petition shall be filed, together with a statement of any other relevant facts and of all correspondence relating to the question concerning representation.

(3) Copies of the petition together with any attachments shall be served by the petitioner on all known interested parties, and a written statement of such service shall be filed with the Regional Director: *Provided, however,* That the showing of interest or the showing of membership submitted with a petition filed pursuant to paragraphs (a), (b)(2), (d), or (h) of this section shall not furnished to any other person.

(f) *Adequacy and validity of showing of interest or showing of membership.* (1) The Regional Director shall determine the adequacy of the showing of interest or the showing of membership administratively, and such determination shall not be subject to collateral attack at a unit or representation hearing. If the petition is dismissed or the intervention sought pursuant to § 1422.5 is denied, a request for review of such dismissal or denial may be filed with the Board in accordance with the procedures set forth in § 1422.6(d).

(2) Any party challenging the validity of any showing of interest or showing of membership of a petitioner, or a cross-petitioner filing pursuant to § 1422.5(b), or of a labor organization seeking to intervene pursuant to § 1422.5, must file its challenge with the Regional Director, with respect to the petitioner or a cross-petitioner, within twenty (20) days after the initial date of posting of the notice of petition as provided in § 1422.4(a), and with respect to any labor organization seeking to intervene, within twenty (20) days of service of a copy of the request for intervention on the challenging party.

The challenge shall be supported with evidence including signed statements of employees and any other written evidence. The Regional Director shall investigate the challenge and thereafter shall take such action as the Regional Director deems appropriate which shall be final and not subject to review by the Board, unless the petition is dismissed or the intervention is denied on the basis of the challenge. Such request for review shall be filed with the Board in accordance with the procedures set forth in § 1422.6(d).

(g) *Challenge to status of a labor organization.* Any party challenging the status of a labor organization under chapter 41 of title 22 of the United States Code must file its challenge with the Regional Director and support the challenge with evidence. With respect to the petitioner or a cross-petitioner filing pursuant to § 1422.5(b), such a challenge must be filed within twenty (20) days after the initial date of posting of the notice of petition as provided in § 1422.4(a), and with respect to a labor organization seeking to intervene pursuant to § 1422.5, within twenty (20) days after service of a copy of the request for intervention on the challenging party. The Regional Director shall investigate the challenge and thereafter shall take such action as the Regional Director deems appropriate, which shall be subject to review by the Board. Such request for review shall be filed with the Board in accordance with the procedures set forth in § 1422.6(d).

**§ 1422.3  Timeliness of petition.**

(a) When there is no certified exclusive representative of the employees, a petition will be considered timely filed provided a valid election has not been held within the preceding twelve (12) month period in the unit described in 22 U.S.C. 4112.

(b) When there is a certified exclusive representative of the employees, a petition will not be considered timely if filed within twenty-four (24) months after the certification as the exclusive representative of employees in unit described in 22 U.S.C. 4112, unless a signed and dated collective bargaining agreement covering the unit has been entered into in which case paragraphs

409

(c) and (d) of this section shall be applicable.

(c) When a collective bargaining agreement covering the unit described in 22 U.S.C. 4112 has been signed and dated by the Department and the incumbent exclusive representative, a petition for exclusive recognition or other election petition will not be considered timely if filed during the period of review by the Secretary as set forth in 22 U.S.C. 4113(f), absent unusual circumstances.

(d) A petition for exclusive recognition or other election petition will be considered timely when filed as follows:

(1) Not more than one hundred and five (105) days and not less than sixty (60) days prior to the expiration date of a collective bargaining agreement having a term of three (3) years or less from the date it became effective.

(2) Not more than one hundred and five (105) days and not less than sixty (60) days prior to the expiration of the initial three (3) year period of a collective bargaining agreement having a term of more than three (3) years from the date it became effective, and any time after the expiration of the initial three (3) year period of such a collective bargaining agreement; and

(3) Any time when unusual circumstances exist which substantially affect the unit or the majority representation.

(e) When a collective bargaining agreement having a term of three (3) years or less is in effect between the Department and the incumbent exclusive representative, and a petition has been filed challenging the representation status of the incumbent exclusive representative and the petition is subsequently withdrawn or dismissed less than sixty (60) days prior to the expiration date of that collective bargaining agreement, or any time thereafter, the Department and incumbent exclusive representative shall be afforded a ninety (90) day period from the date the withdrawal is approved or the petition is dismissed free from rival claim within which to consummate a collective bargaining agreement: *Provided, however,* That the provisions of this paragraph shall not be applicable when any other petition is pending which has

been filed pursuant to paragraph (d)(1) of this section.

(f) When an extension of a collective bargaining agreement having a term of three (3) years or less has been signed more than sixty (60) days before its expiration date, such extension shall not serve as a basis for the denial of a petition submitted in accordance with the time limitations provided herein.

(g) Collective bargaining agreements which go into effect automatically pursuant to 22 U.S.C. 4113(f) and which do not contain the date on which the agreement became effective shall not constitute a bar to an election petition.

(h) A petitioner who withdraws a petition after the issuance of a notice of hearing or after the approval of an agreement for an election, shall be barred from filing another petition for the unit described in 22 U.S.C. 4112 for six (6) months, unless a withdrawal request has been received by the Regional Director not later than three (3) days before the date of the hearing.

(i) The time limits set forth in this section shall not apply to a petition for clarification of unit or for amendment of recognition or certification, or to a petition for dues allotment.

### § 1422.4 Investigation of petition and posting of notice of petition; action by Regional Director.

(a) Upon the request of the Regional Director, after the filing of a petition, the Department shall post copies of a notice to all employees in places where notices are normally posted affecting the employees in the unit described in 22 U.S.C. 4112.

(b) Such notice shall set forth:

(1) The name of the petitioner;

(2) The description of the unit;

(3) If appropriate, the proposed clarification of unit or the proposed amendment of recognition or certification; and

(4) A statement that all interested parties are to advise the Regional Director in writing of their interest and position within twenty (20) days after the date of posting of such notice: *Provided, however,* That the notice in a petition for determination of eligibility

410

for dues allotment shall contain the information required in paragraphs (a) (1), (2), and (4) of this section.

(c) The notice shall remain posted for a period of twenty (20) days. The notice shall be posted conspicuously and shall not be covered by other material, altered or defaced.

(d) The Department shall furnish the Regional Director and all known interested parties with the following:

(1) Names, addresses and telephone numbers of all labor organizations known to represent any of the employees in the unit described in 22 U.S.C. 4112;

(2) A copy of all relevant correspondence;

(3) A copy of existing or recently expired agreement(s) covering any of the employees described in the petition;

(4) A current alphabetized list of employees included in the unit, together with their job classifications; and

(5) A current alphabetized list of employees described in the petition as excluded from the unit, together with their job classifications.

(e) The parties are expected to meet as soon as possible after the expiration of the twenty (20) day posting period of the notice of petition as provided in paragraph (a) of this section and use their best efforts to secure agreement on the unit.

(f) The Regional Director shall make such investigation as the Regional Director deems necessary and thereafter shall take action which may consist of the following, as appropriate:

(1) Approve an agreement for consent election in the unit as provided under § 1422.7;

(2) Approve a withdrawal request;

(3) Dismiss the petition; or

(4) Issue a notice of hearing.

(g) In processing a petition for clarification of unit or for amendment of recognition or certification, or dues allotment, where appropriate, the Regional Director shall prepare and serve a report and findings upon all parties to the proceedings and shall state therein, among other pertinent matters, the Regional Director's conclusions and the action contemplated. A party may file with the Board a request for review of such action of the Regional Director in accordance with the procedures set forth in § 1422.6(d). If no request for review is filed, or if one is filed and denied, the Regional Director shall take such action as may be appropriate, which may include issuing a clarification of unit or an amendment of recognition or certification, or determination of eligibility for dues allotment.

(h) A determination by the Regional Director to issue a notice of hearing shall not be subject to review by the Board.

## § 1422.5  Intervention.

(a) No labor organization will be permitted to intervene in any proceeding involving a petition filed pursuant to § 1422.2 (a) or (b) unless it has submitted to the Regional Director a showing of interest of ten percent (10%) or more of the employees in the unit described in 22 U.S.C. 4112 together with an alphabetical list of names constituting such showing, or has submitted a current or recently expired agreement with the Department covering any of the employees involved, or has submitted evidence that it is currently recognized or certified exclusive representative of any of the employees involved: *Provided, however,* That an incumbent exclusive representative shall be deemed to be an intervenor in the proceeding unless it serves on the Regional Director a written disclaimer of any representation interest for the employees involved: *Provided, further,* That any such incumbent exclusive representative that declines to sign an agreement for consent election because of a disagreement on the matters contained in § 1422.7(c) as decided by the Regional Director, or fails to appear at a hearing held pursuant to § 1422.9, shall be denied its status as an intervenor.

(b) No labor organization may participate to any extent in any representation proceeding unless it has notified the Regional Director in writing, accompanied by its showing of interest as specified in paragraph (a) of this section, of its desire to intervene within twenty (20) days after the initial date of posting of the notice of petition as provided in § 1422.4(a), unless good

411

cause is shown for extending the period. A copy of the request for intervention filed with the Regional Director, excluding the showing of interest, shall be served on all known interested parties, and a written statement of such service should be filed with the Regional Director: *Provided, however,* That an incumbent exclusive representative shall be deemed to be an intervenor in the proceeding in accordance with paragraph (a) of this section.

(c) Any labor organization seeking to intervene in a proceeding involving a petition for determination of eligibility for dues allotment filed pursuant to § 1422.2(d) may intervene solely on the basis it claims to be the exclusive representative of some or all the employees specified in the petition and shall submit to the Regional Director a current or recently expired agreement with the Department covering any of the employees involved, or evidence that it is the currently recognized or certified exclusive representative of any of the employees involved.

(d) Any labor organization seeking to intervene must submit to the Regional Director a statement that it has submitted to the Department and to the Assistant Secretary a roster of its officers and representatives, a copy of its constitution and bylaws, and a statement of its objectives.

(e) The Regional Director may grant intervention to a labor organization in a proceeding involving a petition for clarification of unit or a petition for amendment of recognition or certification filed pursuant to § 1422.2(c), or a petition for determination of eligibility for dues allotment filed pursuant to § 1422.2(d), based on a showing that the proposed clarification, amendment or dues allotment affects that labor organization's existing exclusively recognized unit(s) in that it would cover one or more employees who are included in such unit(s).

### § 1422.6   Withdrawal, dismissal or deferral of petitions; consolidation of cases; denial of intervention; review of action by Regional Director.

(a) If the Regional Director determines, after such investigation as the Regional Director deems necessary, that the petition has not been timely filed, the unit is not as described in 22 U.S.C. 4114, the petitioner has not made a sufficient showing of interest, the petition is not otherwise actionable, or an intervention is not appropriate, the Regional Director may request the petitioner or intervenor to withdraw the petition or the request for intervention. In the absence of such withdrawal within a reasonable period of time, the Regional Director may dismiss the petition or deny the request for intervention.

(b) If the Regional Director determines, after investigation, that a valid issue has been raised by a challenge under § 1422.2 (f) or (g), the Regional Director may take action which may consist of the following, as appropriate:

(1) Request the petitioner or intervenor to withdraw the petition or the request for intervention;

(2) Dismiss the petition and/or deny the request for intervention if a withdrawal request is not submitted within a reasonable period of time;

(3) Defer action on the petition or request for intervention until such time as issues raised by the challenges have been resolved pursuant to this part; or

(4) Consolidate such issues with the representation matter for resolution of all issues.

(c) If the Regional Director dismisses the petition and/or denies the request for intervention, the Regional Director shall serve on the petitioner or the party requesting intervention a written statement of the grounds for the dismissal or the denial, and serve a copy of such statement on the Department, and on the petitioner and any intervenors, as appropriate.

(d) The petitioner or party requesting intervention may obtain a review of such dismissal and/or denial by filing a request for review with the Board within twenty-five (25) days after service of the notice of such action. Copies of the request for review shall be served on the Regional Director and the other parties, and a statement of service shall be filed with the request for review. Requests for extensions of time shall be in writing and received by the Board not later than five (5) days before the date the request for review is due. The request for review shall contain a complete statement setting

forth facts and reasons upon which the request is based. Any party may file an opposition to a request for review with the Board within ten (10) days after service of the request for review. Copies of the opposition to the request for review shall be served on the Regional Director and the other parties, and a statement of service shall be filed with the opposition to the request for review. The Board may issue a decision or ruling affirming or reversing the Regional Director in whole or in part or making any other disposition of the matter as it deems appropriate.

### § 1422.7  Agreement for consent election.

(a) All parties desiring to participate in an election being conducted pursuant to this section or § 1422.16, including intervenors who have met the requirements of § 1422.5, must sign an agreement providing for such an election on a form prescribed by the Board. An original and one (1) copy of the agreement shall be filed with the Regional Director.

(b) The Department, a petitioner, and any intervenors who have complied with the requirements set forth in § 1422.5 may agree that a secret ballot election shall be conducted among the employees in the unit to determine whether the employees desire to be represented for purposes of exclusive recognition by any or none of the labor organizations involved.

(c) The parties shall agree on the eligibility period for participation in the election, the date(s), hour(s), and place(s) of the election, the designations on the ballot and other related election procedures.

(d) In the event that the parties cannot agree on the matters contained in paragraph (c) of this section, the Regional Director, acting on behalf of the Board, shall decide these matters without prejudice to the right of a party to file objections to the procedural conduct of the election under § 1422.20(b).

(e) If the Regional Director approves the agreement, the election shall be conducted by the Department, as appropriate, under the supervision of the Regional Director, in accordance with § 1422.17.

(f) Any qualified intervenor who refuses to sign an agreement for an election may express its objections to the agreement in writing to the Regional Director. The Regional Director, after careful consideration of such objections, may approve the agreement or take such other action as the Regional Director deems appropriate.

### § 1422.8  Notice of hearing; contents; attachments; procedures.

(a) The Regional Director may cause a notice of hearing to be issued involving any matters related to the petition.

(b) The notice of hearing shall be served on all interested parties and shall include:

(1) The name of the Department, petitioner, and intervenors, if any;

(2) A statement of the time and place of the hearing, which shall be not less than twenty (20) days after service of the notice of hearing, except in extraordinary circumstances;

(3) A statement of the nature of the hearing; and

(4) A statement of the authority and jurisdiction under which the hearing is to be held.

(c) A copy of the petition shall be attached to the notice of hearing.

(d) Hearings on matters related to the petition pursuant to paragraph (a) of this section shall be conducted by a Hearing Officer in accordance with §§ 1422.9 through 1422.15.

### § 1422.9  Conduct of hearing.

(a) Hearings shall be conducted by a Hearing Officer and shall be open to the public unless otherwise ordered by the Hearing Officer. At any time another Hearing Officer may be substituted for the Hearing Officer previously presiding. It shall be the duty of the Hearing Officer to inquire fully into all matters in issue and the Hearing Officer shall obtain a full and complete record upon which the Board can make an appropriate decision. An official reporter shall make the only official transcript of such proceedings. Copies of the official transcript may be examined in the appropriate regional office during normal working hours. Requests by parties for copies of transcripts should be made to the official hearing reporter.

413

(b) Hearings under this section are considered investigatory and not adversary. Their purpose is to develop a full and complete factual record. The rules of relevancy and materiality are paramount; there are no burdens of proof and the technical rules of evidence do not apply.

### § 1422.10  Motions.

(a) *General.* (1) A motion shall state briefly the order or relief sought and the grounds for the motion: *Provided, however,* That a motion to intervene will not be entertained by the Hearing Officer. Intervention will be permitted only to those who have met the requirements of § 1422.5.

(2) A motion prior to, and after a hearing and any response thereto, shall be made in writing. A response shall be filed within five (5) days after service of the motion. An original and two (2) copies of such motion and any response thereto shall be filed and copies shall be served on the parties and the Regional Director. A statement of such service shall be filed with the original.

(3) During a hearing a motion may be made and responded to orally on the record.

(4) The right to make motions, or to make objections to rulings on motions, shall not be deemed waived by participation in the proceeding.

(5) All motions, rulings, and orders shall become part of the record.

(b) *Filing of motions.* (1) Motions and responses thereto prior to a hearing shall be filed with the Regional Director. During the hearing motions shall be made to the Hearing Officer.

(2) After the transfer of the case to the Board, except as otherwise provided, motions and responses thereto shall be filed with the Board: *Provided,* That following the close of a hearing, motions to correct the transcript should be filed with the Hearing Officer within ten (10) days after the transcript is received in the regional office.

(c) *Rulings on motions.* (1) Regional Directors may rule on all motions filed with them, or they may refer them to the Hearing Officer. A ruling by a Regional Director granting a motion to dismiss a petition may be reviewed by the Board upon the filing by the petitioner of a request for review pursuant to § 1422.6(d).

(2) Hearing Officers shall rule, either orally on the record or in writing, on all motions made at the hearing or referred to them, except that a motion to dismiss a petition shall be referred for appropriate action at such time as the record is considered by the Regional Director or the Board. Rulings by a Hearing Officer reduced to writing shall be served on the parties.

(3) The Board shall consider the rulings by the Regional Director and the Hearing Officer when the case is transferred to it for decision.

### § 1422.11  Rights of the parties.

(a) A party shall have the right to appear at any hearing in person, by counsel, or by other representative, and to examine and cross-examine witnesses, and to introduce into the record documentary or other relevant evidence. Two (2) copies of documentary evidence shall be submitted and a copy furnished to each of the other parties. Stipulations of fact may be introduced in evidence with respect to any issue.

(b) A party shall be entitled, upon request, to a reasonable period at the close of the hearing for oral argument, which shall be included in the stenographic report of the hearing. Such oral argument shall not preclude a party from filing a brief under § 1422.14.

### § 1422.12  Duties and powers of the Hearing Officer.

It shall be the duty of Hearing Officers to inquire fully into the facts as they relate to the matters before them. With respect to cases assigned to them between the time they are designated and the transfer of the case to the Board, Hearing Officers shall have the authority to:

(a) Grant requests for subpenas pursuant to § 1429.7 of this subchapter;

(b) Rule upon offers of proof and receive relevant evidence and stipulations of fact;

(c) Take or cause depositions or interrogatories to be taken whenever the ends of justice would be served thereby;

(d) Limit lines of questioning or testimony which are immaterial, irrelevant or unduly repetitious;

414

**Foreign Service Labor Relations Board, etc.**     **§ 1422.17**

(e) Regulate the course of the hearing and, if appropriate, exclude from the hearing persons who engage in misconduct;

(f) Strike all related testimony of witnesses refusing to answer any questions ruled to be proper;

(g) Hold conferences for the settlement or simplification of the issues by consent of the parties or upon the Hearing Officer's own motion;

(h) Dispose of procedural requests, motions, or similar matters, which shall be made part of the record of the proceedings, including motions referred to the Hearing Officer by the Regional Director and motions to amend petitions;

(i) Call and examine and cross-examine witnesses and introduce into the record documentary or other evidence;

(j) Request the parties at any time during the hearing to state their respective positions concerning any issue in the case or theory in support thereof;

(k) Continue the hearing from day-to-day, or adjourn it to a later date or to a different place, by announcement thereof at the hearing or by other appropriate notice;

(l) Rule on motions to correct the transcript which are received within ten (10) days after the transcript is received in the regional office; and

(m) Take any other action necessary under this section and not prohibited by the regulations in this subchapter.

**§ 1422.13  Objections to conduct of hearing.**

Any objection to the introduction of evidence may be stated orally or in writing and shall be accompanied by a short statement of the grounds of such objection, and be included in the record. No such objection shall be deemed waived by further participation in the hearing. Automatic exceptions will be allowed to all adverse rulings.

**§ 1422.14  Filing of briefs.**

A party desiring to file a brief with the Board shall file the original and three (3) copies within thirty (30) days from the close of the hearing. Copies thereof shall be served on all other parties to the proceeding. Requests for additional time in which to file a brief

under authority of this section shall be made to the Regional Director, in writing, and copies thereof shall be served on the other parties and a statement of such service shall be filed with the Regional Director. Requests for extension of time shall be in writing and received not later than five (5) days before the date such briefs are due. No reply brief may be filed in any proceeding except by special permission of the Board.

**§ 1422.15  Transfer of case to the Board; contents of record.**

Upon the close of the hearing the case is transferred automatically to the Board. The record of the proceeding shall include the petition, notice of hearing, service sheet, motions, rulings, orders, official transcript of the hearing with any corrections thereto, stipulations, objections, depositions, interrogatories, exhibits, documentary evidence, and any briefs or other documents submitted by the parties.

**§ 1422.16  Decision.**

The Board will issue a decision directing an election or dismissing the petition, or making other disposition of the matters before it.

**§ 1422.17  Election procedure; request for authorized representation election observers.**

This section governs all elections conducted under the supervision of the Regional Director pursuant to § 1422.7 or § 1422.16. The Regional Director may conduct elections in unusual circumstances in accordance with terms and conditions set forth in the notice of election.

(a) Appropriate notices of election shall be posted by the Department. Such notices shall set forth the details and procedures for the election, the unit described in 22 U.S.C. 4112, the eligibility period, the date(s), hour(s) and place(s) of the election and shall contain a sample ballot.

(b) The reproduction of any document purporting to be a copy of the official ballot, other than one completely unaltered in form and content and clearly marked "sample" on its face,

415

which suggests either directly or indirectly to employees that the Board endorses a particular choice, may constitute grounds for setting aside an election upon objections properly filed.

(c) All elections shall be by secret ballot. An exclusive representative shall be chosen by a majority of the valid ballots cast.

(d) Whenever two or more labor organizations are included as choices in an election, any intervening labor organization may request the Regional Director to remove its name from the ballot. The request must be in writing and received not later than seven (7) days before the date of the election. Such request shall be subject to the approval of the Regional Director whose decision shall be final.

(e) In a proceeding involving an election to determine if a labor organization should cease to be the exclusive representative filed by the Department or any employee or employees or an individual acting on behalf of any employee(s) under §1422.2(b), an organization currently recognized or certified may not have its name removed from the ballot without having served the written request submitted pursuant to paragraph (d) of this section on all parties. Such request shall contain an express disclaimer of any representation interest among the employees in the unit.

(f) Any party may be represented at the polling place(s) by observers of its own selection, subject to such limitations as the Regional Director may prescribe.

(g) A party's request to the Regional Director for named observers shall be in writing and filed with the Regional Director not less than fifteen (15) days prior to an election to be supervised or conducted pursuant to this part. The request shall name and identify the authorized representation election observers sought, and state the reasons therefor. Copies thereof shall be served on the other parties and a written statement of such service shall be filed with the Regional Director. Within five (5) days after service of a copy of the request, a party may file objections to the request with the Regional Director and state the reasons therefor. Copies thereof shall be served on the other

parties and a written statement of such service shall be filed with the Regional Director. The Regional Director shall rule upon the request not later than five (5) days prior to the date of the election. However, for good cause shown by a party, or on the Regional Director's own motion, the Regional Director may vary the time limits prescribed in this paragraph.

§ 1422.18  Challenged ballots.

Any party or the representative of the Board may challenge, for good cause, the eligibility of any person to participate in the election. The ballots of such challenged persons shall be impounded.

§ 1422.19  Tally of ballots.

Upon the conclusion of the election, the Regional Director shall cause to be furnished to the parties a tally of ballots.

§ 1422.20  Certification; objections to election; determination on objections and challenged ballots.

(a) The Regional Director shall issue to the parties a certification of results of the election or a certification of representative, where appropriate: *Provided, however,* That no objections are filed within the time limit set forth below; the challenged ballots are insufficient in number to affect the results of the election; and no rerun election is to be held.

(b) Within twenty (20) days after the tally of ballots has been furnished, a party may file objections to the procedural conduct of the election, or to conduct which may have improperly affected the results of the election, setting forth a clear and concise statement of the reasons therefor. The objecting party shall bear the burden of proof at all stages of the proceeding regarding all matters raised in its objections. An original and two (2) copies of the objections shall be filed with the Regional Director and copies shall be served on the parties. A statement of such service shall be filed with the Regional Director. Such filing must be timely whether or not the challenged ballots are sufficient in number to affect the results of the election. Within

416

**Foreign Service Labor Relations Board, etc.**                    **§ 1422.21**

ten (10) days after the filing of the objections, unless an extension of time has been granted by the Regional Director, the objecting party shall file with the Regional Director evidence, including signed statements, documents and other material supporting the objections.

(c) If objections are filed or challenged ballots are sufficient in number to affect the results of the election, the Regional Director shall investigate the objections or challenged ballots, or both.

(d) When the Regional Director determines that no relevant question of fact exists, the Regional Director (1) shall find whether improper conduct occurred of such a nature as to warrant the setting aside of the election and, if so, indicate an intention to set aside the election, or (2) shall rule on determinative challenged ballots, if any, or both. The Regional Director shall issue a report and findings on objections and/or challenged ballots which shall be served upon all parties to the proceeding. Such report and findings shall state therein any additional pertinent matters such as an intent to rerun the election or count ballots at a specified date, time, and place, and if appropriate, that the Regional Director will cause to be issued a revised tally of ballots.

(e) When the Regional Director determines that no relevant question of fact exists, but that a substantial question of interpretation or policy exists, the Regional Director shall notify the parties in the report and findings and transfer the case to the Board in accordance with of this subchapter.

(f) Any party aggrieved by the findings of a Regional Director with respect to objections to an election or challenged ballots may obtain a review of such action by the Board by following the procedure set forth in §1422.6(d) of this subchapter: *Provided, however*, That a determination by the Regional Director to issue a notice of hearing shall not be subject to review by the Board.

(g) Where it appears to the Regional Director that the objections or challenged ballots raise any relevant question of fact which may have affected the results of the election, the Re-

gional Director shall cause to be issued a notice of hearing. Hearings shall be conducted and decisions issued by Administrative Law Judges and exceptions and related submissions filed with the Board in accordance with §§1423.14 through 1423.28 of this subchapter excluding §1423.18 and §1423.19(j), with the following exceptions:

(1) The Administrative Law Judge may not recommend remedial action to be taken or notices to be posted, as provided under §1423.26(a); and

(2) Reference to ''charge, complaint'' in §1423.26(b) shall be read as ''report and findings of the Regional Director.''

(h) At a hearing conducted pursuant to paragraph (g) of this section the party filing the objections shall have the burden of proving all matters alleged in its objections by a preponderance of the evidence. With respect to challenged ballots, no burden of proof is imposed on any party.

(i) The Board shall take action which may consist of the following, as appropriate:

(1) Issue a decision adopting, modifying, or rejecting the Administrative Law Judge's decision;

(2) Issue a decision in any case involving a substantial question of interpretation or policy transferred pursuant to paragraph (e) of this section; or

(3) Issue a ruling with respect to a request for review filed pursuant to paragraph (f) of this section affirming or reversing, in whole or in part, the Regional Director's findings, or make such other disposition as may be appropriate.

## § 1422.21  Preferential voting.

In any election in which more than two choices are on the ballot and no choice receives a majority of first preferences the Board shall distribute to the two choices having the most first preferences the preferences as between those two of the other valid ballots cast. The choice receiving a majority of preferences shall be declared the winner. A labor organization which is declared the winner of the election shall be certified by the Board as the exclusive representative.

417

## § 1422.22  Inconclusive elections.

(a) An inconclusive election is one in which none of the choices on the ballot is declared the winner. If there are no challenged ballots that would affect the results of the election, the Regional Director may declare the election a nullity and may order another election providing for a selection from among the choices afforded in the previous ballot.

(b) Only one further election pursuant to this section may be held.

## PART 1423—UNFAIR LABOR PRACTICE PROCEEDINGS

Sec.
1423.1   Applicability of this part.
1423.2   Informal proceedings.
1423.3   Who may file charges.
1423.4   Contents of the charge; supporting evidence and documents.
1423.5   Selection of the unfair labor practice procedure or the negotiability procedure.
1423.6   Filing and service of copies.
1423.7   Investigation of charges.
1423.8   Amendment of charges.
1423.9   Action by the Regional Director.
1423.10   Determination not to issue complaint; review of action by the Regional Director.
1423.11   Settlement or adjustment of issues.
1423.12   Issuance and contents of the complaint.
1423.13   Answer to the complaint; extension of time for filing; amendment.
1423.14   Conduct of hearing.
1423.15   Intervention.
1423.16   Rights of parties.
1423.17   Rules of evidence.
1423.18   Burden of proof before the Administrative Law Judge.
1423.19   Duties and powers of the Administrative Law Judge.
1423.20   Unavailability of Administrative Law Judges.
1423.21   Objection to conduct of hearing.
1423.22   Motions.
1423.23   Waiver of objections.
1423.24   Oral argument at the hearing.
1423.25   Filing of brief.
1423.26   Transmittal of the Administrative Law Judge's decision to the Board; exceptions.
1423.27   Contents of exceptions to the Administrative Law Judge's decision.
1423.28   Briefs in support of exceptions; oppositions to exceptions; cross-exceptions.
1423.29   Action by the Board.
1423.30   Compliance with decisions and orders of the Board.
1423.31   Backpay proceedings.

AUTHORITY: 22 U.S.C. 4107.

SOURCE: 46 FR 45868, Sept. 15, 1981, unless otherwise noted.

## § 1423.1  Applicability of this part.

This part is applicable to any charge of alleged unfair labor practices filed with the Board on or after February 15, 1981.

## § 1423.2  Informal proceedings.

(a) The purposes and policies of the Foreign Service Labor-Management Relations Statute can best be achieved by the cooperative efforts of all persons covered by the program. To this end, it shall be the policy of the Board and the General Counsel to encourage all persons alleging unfair labor practices and persons against whom such allegations are made to meet and, in good faith, attempt to resolve such matters prior to the filing of unfair labor practice charges with the Board.

(b) In furtherance of the policy referred to in paragraph (a) of this section, and noting the six (6) month period of limitation set forth in 22 U.S.C. 4116(d), it shall be the policy of the Board and the General Counsel to encourage the informal resolution of unfair labor practice allegations subsequent to the filing of a charge and prior to the issuance of a complaint by the Regional Director.

## § 1423.3  Who may file charges.

The Department or labor organization may be charged by any person with having engaged in or engaging in any unfair labor practice prohibited under 22 U.S.C. 4115.

## § 1423.4  Contents of the charge; supporting evidence and documents.

(a) A charge alleging a violation of 22 U.S.C. 4115 shall be submitted on forms prescribed by the Board and shall contain the following:

(1) The name, address and telephone number of the person(s) making the charge;

(2) The name, address and telephone number of the Department or labor organization against whom the charge is made;

(3) A clear and concise statement of the facts constituting the alleged unfair labor practice, a statement of the

418

USCA Case #25-5184      Document #2152801            Filed: 01/05/2026      Page 38 of 44

G:\COMP\FOREIGN\FOREIGN SERVICE ACT OF 1980.XML

CHAPTER 10—LABOR-MANAGEMENT RELATIONS

SEC. 1001. ⟦22 U.S.C. 4101⟧ LABOR-MANAGEMENT POLICY.—The Congress finds that—

(1) experience in both private and public employment indicates that the statutory protection of the right of workers to organize, bargain collectively, and participate through labor organizations of their own choosing in decisions which affect them—

(A) safeguards the public interest,

(B) contributes to the effective conduct of public business, and

(C) facilitates and encourages the amicable settlement of disputes between workers and their employers involving conditions of employment;

(2) the public interest demands the highest standards of performance by members of the Service and the continuous development and implementation of modern and progressive work practices to facilitate improved performance and efficiency; and

(3) the unique conditions of Foreign Service employment require a distinct framework for the development and implementation of modern, constructive, and cooperative relationships between management officials and organizations representing members of the Service.

Therefore, labor organizations and collective bargaining in the Service are in the public interest and are consistent with the requirement of an effective and efficient Government. The provisions of this chapter should be interpreted in a manner consistent with the requirement of an effective and efficient Government.

SEC. 1002. ⟦22 U.S.C. 4102⟧ DEFINITIONS.—As used in this chapter, the term—

(1) "Authority" means the Federal Labor Relations Authority, described in section 7104(a) of title 5, United States Code;

(2) "Board" means the Foreign Service Labor Relations Board, established by section 1006(a);

(3) "collective bargaining" means the performance of the mutual obligation of the management representative of the Department and of the exclusive representative of employees to meet at reasonable times and to consult and bargain in a good-faith effort to reach agreement with respect to the conditions of employment affecting employees, and to execute, if requested by either party, a written document incorporating any collective bargaining agreement reached, but this obligation does not compel either party to agree to a proposal or to make a concession;

(4) "collective bargaining agreement" means an agreement entered into as a result of collective bargaining under the provisions of this chapter;

(5) "conditions of employment" means personnel policies, practices, and matters, whether established by regulation or otherwise, affecting working conditions, but does not include policies, practices, and matters—

G:\COMP\FOREIGN\FOREIGN SERVICE ACT OF 1980.XML

(A) relating to political activities prohibited abroad or prohibited under subchapter III of chapter 73 of title 5, United States Code;

(B) relating to the designation or classification of any position under section 501;

(C) to the extent such matters are specifically provided for by Federal statute; or

(D) relating to Government-wide or multiagency responsibility of the Secretary affecting the rights, benefits, or obligations of individuals employed in agencies other than those which are authorized to utilize the Foreign Service personnel system;

(6) "confidential employee" means an employee who acts in a confidential capacity with respect to an individual who formulates or effectuates management policies in the field of labor-management relations;

(7) "dues" means dues, fees, and assessments;

(8) "employee" means—

(A) a member of the Service who is a citizen of the United States, wherever serving, other than a management official, a confidential employee, a consular agent, a member of the Service who is a United States citizen (other than a family member) employed under section 311, or any individual who participates in a strike in violation of section 7311 of title 5, United States Code; or

(B) a former member of the Service as described in subparagraph (A) whose employment has ceased because of an unfair labor practice under section 1015 and who has not obtained any other regular and substantially equivalent employment, as determined under regulations prescribed by the Board;

(9) "exclusive representative" means any labor organization which is certified as the exclusive representative of employees under section 1011;

(10) "General Counsel" means the General Counsel of the Authority;

(11) "labor organization" means an organization composed in whole or in part of employees, in which employees participate and pay dues, and which has as a purpose dealing with the Department concerning grievances (as defined in section 1101) and conditions of employment, but does not include—

(A) an organization which, by its constitution, bylaws, tacit agreement among its members, or otherwise, denies membership because of race, color, creed, national origin, sex, age, preferential or nonpreferential civil service status, political affiliation, marital status, or disability;

(B) an organization which advocates the overthrow of the constitutional form of government of the United States;

(C) an organization sponsored by the Department; or

(D) an organization which participates in the conduct of a strike against the Government or any agency thereof or imposes a duty or obligation to conduct, assist, or participate in such a strike;

USCA Case #25-5184    Document #2152801    Filed: 01/05/2026    Page 40 of 44

G:\COMP\FOREIGN\FOREIGN SERVICE ACT OF 1980.XML

(12) "management official" means an individual who—

(A) is a chief of mission or principal officer;

(B) is serving in a position to which appointed by the President, by and with the advice and consent of the Senate, or by the President alone;

(C) occupies a position which in the sole judgment of the Secretary is of comparable importance to the offices mentioned in subparagraph (A) or (B);

(D) is serving as a deputy to any individual described by subparagraph (A), (B), or (C);

(E) is assigned to carry out functions of the Inspector General of the Department of State and the Foreign Service under section 209; or

(F) is engaged in the administration of this chapter or in the formulation of the personnel policies and programs of the Department;

(13) "Panel" means the Foreign Service Impasse Disputes Panel, established by section 1010(a); and

(14) "person" means an individual, a labor organization, or an agency to which this chapter applies.

SEC. 1003. 〔22 U.S.C. 4103〕 APPLICATION.—(a) This chapter applies only with respect to the Department of State, the Broadcasting Board of Governors, the Agency for International Development, the Department of Agriculture, and the Department of Commerce.

(b) The President may by Executive order exclude any subdivision of the Department from coverage under this chapter if the President determines that—

(1) the subdivision has as a primary function intelligence, counterintelligence, investigative, or national security work, and

(2) the provisions of this chapter cannot be applied to that subdivision in a manner consistent with national security requirements and considerations.

(c) The President may by Executive order suspend any provision of this chapter with respect to any post, bureau, office, or activity of the Department, if the President determines in writing that the suspension is necessary in the interest of national security because of an emergency.

SEC. 1004. 〔22 U.S.C. 4104〕 EMPLOYEE RIGHTS.—(a) Every employee has the right to form, join, or assist any labor organization, or to refrain from any such activity, freely and without fear of penalty or reprisal. Each employee shall be protected in the exercise of such right.

(b) Except as otherwise provided under this chapter, such right includes the right—

(1) to act for a labor organization in the capacity of a representative and, in that capacity, to present the views of the labor organization to the Secretary and other officials of the Government, including the Congress, or other appropriate authorities; and

(2) to engage in collective bargaining with respect to conditions of employment through representatives chosen by employees under this chapter.

G:\COMP\FOREIGN\FOREIGN SERVICE ACT OF 1980.XML

(E) require the Department or a labor organization to cease and desist from violations of this chapter and require it to take any remedial action the Board considers appropriate to carry out this chapter; and

(F) consistent with the provisions of this chapter, exercise the functions the Authority has under chapter 71 of title 5, United States Code, to the same extent and in the same manner as is the case with respect to persons subject to chapter 71 of such title.

SEC. 1008. 【22 U.S.C. 4108】 FUNCTIONS OF THE GENERAL COUNSEL.—The General Counsel may—

(1) investigate alleged unfair labor practices under this chapter,

(2) file and prosecute complaints under this chapter, and

(3) exercise such other powers of the Board as the Board may prescribe.

SEC. 1009. 【22 U.S.C. 4109】 JUDICIAL REVIEW AND ENFORCEMENT.—(a) Except as provided in section 1014(d), any person aggrieved by a final order of the Board may, during the 60-day period beginning on the date on which the order was issued, institute an action for judicial review of such order in the United States Court of Appeals for the District of Columbia.

(b) The Board may petition the United States Court of Appeals for the District of Columbia for the enforcement of any order of the Board under this chapter and for any appropriate temporary relief or restraining order.

(c) Subsection (c) of section 7123 of title 5, United States Code, shall apply to judicial review and enforcement of actions by the Board in the same manner that it applies to judicial review and enforcement of actions of the Authority under chapter 71 of title 5, United States Code.

(d) The Board may, upon issuance of a complaint as provided in section 1016 charging that any person has engaged in or is engaging in an unfair labor practice, petition the United States District Court for the District of Columbia, for appropriate temporary relief (including a restraining order). Upon the filing of the petition, the court shall cause notice thereof to be served upon the person, and thereupon shall have jurisdiction to grant any temporary relief (including a temporary restraining order) it considers just and proper. A court shall not grant any temporary relief under this section if it would interfere with the ability of the Department to carry out its essential functions or if the Board fails to establish probable cause that an unfair labor practice is being committed.

SEC. 1010. 【22 U.S.C. 4110】 FOREIGN SERVICE IMPASSE DISPUTES PANEL.—(a) There is established within the Federal Labor Relations Authority the Foreign Service Impasse Disputes Panel, which shall assist in resolving negotiating impasses arising in the course of collective bargaining under this chapter. The Chairperson shall select the Panel from among individuals the Chairperson considers knowledgeable in labor-management relations or the conduct of foreign affairs. The Panel shall be composed of 5 members, as follows:

(1) 2 members of the Service (other than a management official, a confidential employee or a labor organization official);

G:\COMP\FOREIGN\FOREIGN SERVICE ACT OF 1980.XML

(2) one individual employed by the Department of Labor;

(3) one member of the Federal Service Impasses Panel; and

(4) one public member who does not hold any other office or position in the Government.

The Chairperson of the Board shall set the terms of office for Panel members and determine who shall chair the Panel.

(b) Panel members referred to in subsection (a) (3) and (4) shall receive compensation for each day they are performing their duties (including traveltime) at the daily equivalent of the maximum rate payable for grade GS–18 of the General Schedule under section 5332 of title 5, United States Code, except that the member who is also a member of the Federal Service Impasses Panel shall not be entitled to pay under this subsection for any day for which he or she receives pay under section 7119(b)(4) of title 5, United States Code. Members of the Panel shall be entitled to travel expenses as provided under section 5703 of title 5, United States Code.

(c)(1) The Panel or its designee shall promptly investigate any impasse presented to it by a party. The Panel shall consider the impasse and shall either—

(A) recommend to the parties to the negotiation procedures for the resolution of the impasse; or

(B) assist the parties in resolving the impasse through whatever methods and procedures, including factfinding and recommendations, it may consider appropriate to accomplish the purpose of this section.

(2) If the parties do not arrive at a settlement after assistance by the Panel under paragraph (1), the Panel may—

(A) hold hearings;

(B) administer oaths, take the testimony or deposition of any individual under oath, and issue subpenas as provided in section 7132 of title 5, United States Code; and

(C) take whatever action is necessary and not inconsistent with this chapter to resolve the impasse.

(3) Notice of any final action of the Panel under this section shall be promptly served upon the parties, and the action shall be binding on such parties during the term of the collective bargaining agreement unless the parties agree otherwise.

SEC. 1011. 〚22 U.S.C. 4111〛 EXCLUSIVE RECOGNITION.—(a) The Department shall accord exclusive recognition to a labor organization if the organization has been selected as the representative, in a secret ballot election, by a majority of the employees in a unit who cast valid ballots in the election.

(b) If a petition is filed with the Board—

(1) by any person alleging—

(A) in the case of a unit for which there is no exclusive representative, that 30 percent of the employees in the unit wish to be represented for the purpose of collective bargaining by an exclusive representative, or

(B) in the case of a unit for which there is an exclusive representative, that 30 percent of the employees in the unit alleged that the exclusive representative is no longer

G:\COMP\FOREIGN\FOREIGN SERVICE ACT OF 1980.XML

the representative of the majority of the employees in the unit; or

(2) by any person seeking clarification of, or an amendment to, a certification then in effect or a matter relating to representation;

the Board shall investigate the petition, and if it has reasonable cause to believe that a question of representation exists, it shall provide an opportunity for a hearing (for which a transcript shall be kept) after reasonable notice. If the Board finds on the record of the hearing that a question of representation exists, the Board shall supervise or conduct an election on the question by secret ballot and shall certify the results thereof. An election under this subsection shall not be conducted in any unit within which a valid election under this subsection has been held during the preceding 12 calendar months or with respect to which a labor organization has been certified as the exclusive representative during the preceding 24 calendar months.

(c) A labor organization which—

(1) has been designated by at least 10 percent of the employees in the unit; or

(2) is the exclusive representative of the employees involved;

may intervene with respect to a petition filed pursuant to subsection (b) and shall be placed on the ballot of any election under subsection (b) with respect to the petition.

(d)(1) The Board shall determine who is eligible to vote in any election under this section and shall establish regulations governing any such election, which shall include regulations allowing employees eligible to vote the opportunity to choose—

(A) from labor organizations on the ballot, that labor organization which the employees wish to have represent them; or

(B) not to be represented by a labor organization.

(2) In any election in which more than two choices are on the ballot, the regulations of the Board shall provide for preferential voting. If no choice receives a majority of first preferences, the Board shall distribute to the two choices having the most first preferences the preferences as between those two of the other valid ballots cast. The choice receiving a majority of preferences shall be declared the winner. A labor organization which is declared the winner of the election shall be certified by the Board as the exclusive representative.

(e) A labor organization seeking exclusive recognition shall submit to the Board and to the Department a roster of its officers and representatives, a copy of its constitution and bylaws, and a statement of its objectives.

(f) Exclusive recognition shall not be accorded to a labor organization—

(1) if the Board determines that the labor organization is subject to corrupt influences or influence opposed to democratic principles; or

(2) in the case of a petition filed under subsection (b)(1)(A), if there is not credible evidence that at least 30 percent of the employees wish to be represented for the purpose of collective

G:\COMP\FOREIGN\FOREIGN SERVICE ACT OF 1980.XML

bargaining by the labor organization seeking exclusive recognition.

(g) Nothing in this section shall be construed to prohibit the waiving of hearings by stipulation for the purpose of a consent election in conformity with regulations and rules or decisions of the Board.

SEC. 1012. 【22 U.S.C. 4112】 EMPLOYEES REPRESENTED.—The employees of the Department shall constitute a single and separate worldwide bargaining unit, from which there shall be excluded—

(1) employees engaged in personnel work in other than a purely clerical capacity; and

(2) employees engaged in criminal or national security investigations or who audit the work of individuals to insure that their functions are discharged honestly and with integrity.

SEC. 1013. 【22 U.S.C. 4113】 REPRESENTATION RIGHTS AND DUTIES.—(a) A labor organization which has been accorded exclusive recognition is the exclusive representative of, and is entitled to act for, and negotiate collective bargaining agreements covering, all employees in the unit described in section 1012. An exclusive representative is responsible for representing the interests of all employees in that unit without discrimination and without regard to labor organization membership.

(b)(1) An exclusive representative shall be given the opportunity to be represented at—

(A) any formal discussion between one or more representatives of the Department and one or more employees in the unit (or their representatives), concerning any grievance (as defined in section 1101) or any personnel policy or practice or other general condition of employment; and

(B) any examination of an employee by a Department representative in connection with an investigation if—

(i) the employee reasonably believes that the examination may result in disciplinary action against the employee, and

(ii) the employee requests such representation.

(2) The Department shall annually inform employees of their rights under paragraph (1)(B).

(c) The Department and the exclusive representative, through appropriate representatives, shall meet and negotiate in good faith for the purposes of arriving at a collective bargaining agreement. In addition, the Department and the exclusive representative may determine appropriate techniques, consistent with the provisions of section 1010, to assist in any negotiation.

(d) The rights of an exclusive representative under this section shall not preclude an employee from—

(1) being represented by an attorney or other representative of the employee's own choosing, other than the exclusive representative, in any grievance proceeding under chapter 11; or

(2) exercising grievance or appeal rights established by law, rule, or regulation.

(e) The duty of the Department and the exclusive representative to negotiate in good faith shall include the obligation—

May 5, 2025                                                      As Amended Through P.L. 118-159, Enacted December 23, 2024