

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Rm. 7212
Washington, DC 20530

Tel: (202) 514-4820

March 20, 2026

VIA CM/ECF

Mr. Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the
   District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

     Re:    *American Foreign Service Ass'n (AFSA) v. Trump*, No. 25-5184
              (D.C. Cir.) (argument heard December 15, 2025)

Dear Mr. Cislak:

Defendants submit this letter in response to plaintiff's letter of March 16, 2026, notifying the Court of a preliminary injunction issued in *American Federation of Government Employees Local 2305 (AFGE) v. U.S. Department of Veterans Affairs*, No. 25-cv-583 (D.R.I. Mar. 13, 2026). *AFGE* involves different issues than are presented here, as that case "is not about the constitutionality" or the legality of the executive order excluding agencies from the provisions of the FSLMRS. Op. 12. Rather, *AFGE* involves a claim that the Department of Veterans Affairs violated the plaintiff unions' First Amendment rights and/or the Administrative Procedure Act by terminating a collective-bargaining agreement.

Although the district court in *AFGE* held that it has jurisdiction, Op. 5-10, the court's analysis is no more persuasive than the analysis provided by the district court in this case. Notably, the district court in *AFGE* did not address the various avenues Congress included in the FSLMRS that would allow unions to challenge the executive order before the FLRA or find those avenues unavailable.

The district court in *AFGE* also did not opine on whether the executive order was issued in retaliation for unions' opposition to Administration policies.  As already explained, the court focused on the Department of Veteran Affairs' motivation for terminating the collective-bargaining agreement, not on the President's motivation for issuing the executive order.  The court acknowledged that "Secretary Collins had no role in the issuance of the [executive order], and the Plaintiffs' claims only pertain to Secretary Collins' and the VA's actions."  Op. 11.

Finally, the district court erred in its assessment of the equities for all of the reasons that the government has already explained in this case, and as the Ninth Circuit recently concluded in *AFGE v. Trump*, 167 F.4th 1247, 1259 (9th Cir. 2026).

Respectfully submitted,

BRETT A. SHUMATE
   *Assistant Attorney General*

MELISSA N. PATTERSON
WEILI J. SHAW

 */s/ Joshua M. Koppel*
JOSHUA M. KOPPEL
BENJAMIN T. TAKEMOTO
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7212*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-4820*
   *joshua.m.koppel@usdoj.gov*

cc:   All parties (via CM/ECF)